Received and E-Filed for Record
6/2/2021 9:20 A
Melisa Miller, District Cle
Montgomery County, Texa
Deputy Clerk, Jonathan Chica

NO. 21-06-07691

| | | |
|---|---|---|
| TEXAS ELITE EXOTICS, LLC | * | IN THE DISTRICT COURT OF |
| VS. | * | MONTGOMERY COUNTY, TEXAS |
| BRIDGESTONE RETAIL OPERATIONS, LLC | * | Montgomery County - 284th Judicial District Court <br> _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes now, Texas Elite Exotics, LLC ("Plaintiff"), and files this its Original Petition against Bridgestone Retail Operations, LLC ("Defendant") and would show this Court as follows:

### Discovery Control Plan

1. Plaintiff intends that discovery be conducted under Level 1 of Rule 190.2 of the Texas Rules of Civil Procedure. Plaintiff seeks monetary relief of less than $250,000.00 exclusive of interest, statutory or punitive damages and penalties and attorney's fees and costs.

### Parties

2. Plaintiff is a Texas limited liability company with its principal place of business in Harris County, Texas.

3. Defendant is a Delaware limited liability company that has qualified to do business in Texas and may be served with process by serving its registered agent, United Agent Group, Inc., 5444 Westheimer, Suite 1000, Houston, Texas 77056.

### Jurisdiction and Venue

4. This Court has jurisdiction over this case because the amount in controversy exceeds this Court's minimum jurisdictional limits and Defendant conducts business in the State of Texas.

5. Venue is proper in Montgomery County pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions occurred in Montgomery County, Texas.

**Factual Background**

6. Plaintiff is the owner of a 2011 Aston Martin Rapide, vehicle identification number 5CFHDDAJ8BAF01953 (the "Aston Martin"). The Aston Martin was purchased on or about September 1, 2020 for $65,978.00.

7. The Aston Martin was taken on September 24, 2020 to Defendant's motor vehicle repair location at 16802 Interstate 45 South, The Woodlands, Texas 77384, for an oil change and other minor repair services.

8. Plaintiff's employee drove the Aston Martin away after the oil change and drove the Aston Martin for several days thereafter until oil began leaking all over the Aston Martin. Driving of the Aston Martin immediately ceased and it was towed back to Defendant's place of business.

9. Defendant refused to perform any further analysis on the Aston Martin and recommended the Aston Martin be taken to an experienced Aston Martin technician for diagnosis. Plaintiff did so and was told that Defendant overfilled the Aston Martin with oil which resulted in a blown engine.

10. Plaintiff notified Defendant of the diagnosis. Defendant's employee, "Shalonda", conducted an investigation and by email dated December 3, 2020 acknowledged responsibility and liability.

11. While Defendant acknowledged responsibility, it has not paid Plaintiff its damages. Instead, Defendant embarked on a scheme to cover up its liability. Defendant provided an

invoice dated September 29, 2020 with a mileage entry of 22,529 and a notation of "oil level was prefect" and "oil leak was power steering fluid". Then, Defendant claimed the Aston Martin was driven for 200 miles after September 29, 2020. The Aston Martin has a third party GPS installed on the Aston Martin that exposed Defendant's efforts to conceal and cover up its responsibility. The Aston Martin was taken to Defendant on September 28, 2020, not September 29, 2020. More importantly, the mileage was not 22,529 at the time. Defendant falsely recorded 22,529 miles to support its narrative that the Aston Martin was driven for 200 miles after September 29, 2020. In fact, the Aston Martin has not been driven a single mile since September 28, 2020.

### Deceptive Trade Practices Act

12. At all relevant times, Plaintiff was a "consumer" as defined in Section 17.45(4) of the Texas Deceptive Trade Practices-Consumer Protection Act (the "DTPA").

13. As set forth above, Defendant violated Section 17.46(b) of the DTPA by:

(1) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;

(2) representing that goods or services are of a particular standard, quality, or grade;

(12) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

(24) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

14. Defendant committed the actions described herein knowingly and intentionally and even tried to "cover up" its wrongdoing.

15. Defendant is responsible for three times Plaintiff's economic damages pursuant to Section 17.50(b) of the DTPA. Plaintiff's economic damages are the cost of the Aston Martin, or $65,978.00, technician labor of $1,875.00, plus loss use of at least $3,000.00 per month.

16. All conditions precedent have occurred or have been performed.

### Attorney's Fees

17. Plaintiff is entitled to recover its reasonable and necessary attorney's fees pursuant to the DTPA.

Wherefore, Premises Considered, Plaintiff prays that Defendant be cited to appear and answer herein and that upon final trial, Plaintiff have and recover judgment against Defendant for three times Plaintiff's economic damages pursuant to Section 17.50(b) of the DTPA, which actual economic damages are $65,978.00 plus technician labor of $1,875.00, loss of use of at least $3,000.00 per month, plus all prejudgment interest allowable by law, reasonable attorney's fees together with conditional awards in the event of appeal, interest after judgment at the maximum legal rate, costs of Court and such other and further relief to which Plaintiff may be entitled, all of which is within the jurisdictional limits of this Court.

Respectfully submitted,
WTGreen, PLLC

By: /s/ William T. Green, III
William T. Green, III
P.O. Box 980092
Houston, Texas 77098
(713) 626-9296/State Bar No.: 08375500
email: uncbill@msn.com
Attorney in Charge for Plaintiff

4

*01-060121-pop-texas elite exotics-bridgestone retail operations*